UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| DAVID N. WILSON #158062, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-201 |
| ) | |
| v. ) | HON. ROBERT HOLMES BELL |
| ) | |
| D. FRECHEN, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint, in part, for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff David N. Wilson, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer D. Frechen, Warden Tim Luoma, and Deputy Warden Darlene Edlund. Plaintiff alleges in his complaint that on April 1, 2005, Defendant Frechen asked him about his personal magazines. On April 2, 2005, Plaintiff returned from yard to discover that his property was missing. Defendant Frechen denied any knowledge of Plaintiff's property. Later that day, Plaintiff's magazines were located in the 7-unit officer' station, hidden between official documents.

On April 5, 2005, Plaintiff sent a written complaint to Defendant Edmund accusing Defendant Frechen of taking his property. Plaintiff asked that the unit video tape be retained as evidence. On April 6, 2005, Defendant Frechen appeared at Plaintiff's cell door at approximately 2:10 p.m., and told Plaintiff that he should not have complained to someone outside the unit. Defendant Frechen told Plaintiff that he was going to make Plaintiff's time uncomfortable. Defendant Frechen subsequently told other prisoners that Plaintiff was an informant, which placed Plaintiff in danger from other inmates. Plaintiff then sent written complaints to Defendants Luoma and Edmund.

On April 8, 2005, when Plaintiff returned from breakfast, Defendant Frechen was waiting for Plaintiff and stated, "Fuck Edmund and fuck your grievance, I run this unit and you fucked up!" Plaintiff was then denied his morning yard activities, and was escorted to the segregation housing unit after being falsely charged with two misconducts by Defendant Frechen. Plaintiff states that Defendant Frechen's charge of "threatening behavior" was contradicted by the

unit video tape, but that no superior official intervened to correct the situation. Plaintiff submitted written complaints to Defendants Luoma and Edmund, but they failed to take any corrective action.

Plaintiff states that as a result of the misconduct convictions, he was classified to administrative segregation, lost 75 days of disciplinary credit, and received an additional 20 points on his parole guidelines sheet. Plaintiff claims that the inaction of Defendants Luoma and Edmund encourage disorderly staff conduct in violation of Plaintiff's rights under the First, Fifth and Fourteenth Amendments. Plaintiff also states that Defendants' conduct constitutes "deliberate indifference." Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

### II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff claims that he was falsely convicted of two major misconducts, which impacted the length of his sentence, as well as the level of his confinement and his likelihood of

parole. He also appears to claim that evidence from the unit video tape should have been explored instead of relying on a staff member's statement about the incident. The Supreme Court has held that a claim for declaratory and injunctive relief, as well as for monetary damages, based upon allegations of deceit and bias on the part of the decisionmaker that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original).

The Supreme Court recently revisited this issue in *Wilkinson v. Dotson*, 125 S. Ct. 1242 (Mar. 7, 2005), a case in which the plaintiffs claimed that the retroactive application of parole guidelines violated the Constitution's *Ex Post Facto* and Due Process Clauses. The plaintiffs sought a new parole eligibility review and a new parole hearing in accordance with the correct guidelines. *Wilkinson*, 125 S. Ct. at 1244. In *Wilkinson*, the Court discussed the effect of its decisions in *Heck* and *Edwards*, as well as *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Wolff v. McDonnell*, 418 U.S. 539 (1974) on the issue:

> Throughout the legal journey from *Preiser* to *Balisok*, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody. Thus, *Preiser* found an implied exception to § 1983's coverage where the claim seeks--not where it simply "relates to"-- "core" habeas corpus relief, *i.e.,* where a state prisoner requests

> present or future release. Cf. *post,* at ----5 (KENNEDY, J., dissenting) (arguing that *Preiser* covers challenges that "relate ... to" the duration of confinement). *Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner. *Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence. And *Balisok*, like *Wolff*, demonstrates that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of not previously invalidated) state confinement. These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 125 S. Ct. at 1247-48. The Court then concluded that because the plaintiffs' claims did not necessarily imply the invalidity of their convictions or sentences, they could present these claims in the context of a § 1983 action. *Id.* Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Wilkinson*, 125 S. Ct. at 1247-48; *Edwards*, 520 U.S. at 646.

In *Muhammad v. Close*, 124 S. Ct. 1303 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff concedes that he forfeited 75 days disciplinary

credit as a result of the misconduct convictions. Accordingly, Plaintiff's claim regarding his misconduct convictions remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

In addition, Plaintiff appears to be claiming that Defendants acted with deliberate indifference in violation of the Eighth Amendment. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9(1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although it is likely that Plaintiff was denied certain privileges as a result of the misconduct convictions and his subsequent placement in segregation, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley*

- 6 -

*v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000). As such, Plaintiff fails to state an Eighth Amendment claim against Defendants.

Moreover, the Court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing

that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Luoma and Edlund were personally involved in the activity which forms the basis of his claim. Defendants Luoma's and Edlund's only roles in this action involve the denial of administrative grievances or the failure to act. Defendants Luoma and Edlund cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Luoma and Edlund are properly dismissed for lack of personal involvement.

Finally, the Court notes that Plaintiff's retaliation claim against Defendant Frechen is nonfrivolous and may not be dismissed upon initial review. Therefore, the Court will order service on Defendant Frechen with regard to his retaliation claim.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action is properly dismissed, in part, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

An order consistent with this opinion will be entered.

Date:    October 5, 2005                    /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT  JUDGE