UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID N. WILSON BEY,

  Plaintiff,

v.              Case No. 2:05-cv-201
                HON. ROBERT HOLMES BELL
D. FRECHEN, et al.,

  Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff David N. Wilson, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer D. Frechen, Warden Tim Luoma, and Deputy Warden Darlene Edlund. The only remaining claim is plaintiff's retaliation claim against defendant Frechen. Plaintiff alleges in his complaint that on April 1, 2005, Defendant Frechen asked him about his personal magazines. On April 2, 2005, Plaintiff returned from yard to discover that his property was missing. Defendant Frechen denied any knowledge of Plaintiff's property. Later that day, Plaintiff alleges that his magazines were located in the 7-unit officer' station, hidden between official documents.

  On April 5, 2005, Plaintiff sent a written complaint to Defendant Edlund accusing Defendant Frechen of taking his property. Plaintiff asked that the unit video tape be retained as evidence. On April 6, 2005, Defendant Frechen appeared at Plaintiff's cell door at approximately 2:10 p.m. and told Plaintiff that he should not have complained to someone outside the unit. Defendant Frechen told Plaintiff that he was going to make Plaintiff's time uncomfortable.

Defendant Frechen allegedly told other prisoners that Plaintiff was an informant, which placed Plaintiff in danger from other inmates.

On April 8, 2005, when Plaintiff returned from breakfast, Defendant Frechen was waiting for Plaintiff and stated, "Fuck Edlund and fuck your grievance, I run this unit and you fucked up!" Plaintiff was then denied his morning yard activities, and was escorted to the segregation housing unit after being falsely charged with two misconducts by Defendant Frechen. Plaintiff states that Defendant Frechen's charge of "threatening behavior" was contradicted by the unit video tape, but that no superior official intervened to correct the situation.

Defendant Frechen moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is

sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff filed grievances against defendant on April 6, 2005. Plaintiff alleges that defendant retaliated against him for the filing of these grievances. Defendant argues that he was not aware of the grievances at the time he issued the misconduct tickets. Plaintiff argues that defendant retaliated against him after plaintiff complained that two of his magazines had been stolen. Defendant asserts that he warned plaintiff on April 6, 2005, that plaintiff's cell was not in order and that plaintiff needed to get his cell in order by April 8, 2005. Plaintiff did not clean his cell and defendant issued a misconduct ticket for disobeying a direct order on April 8, 2005. Defendant told plaintiff to pack up his cell and plaintiff responded that "I'll kick your ass, then you can pack it for

me." Defendant wrote plaintiff another major misconduct ticket for threatening behavior. After hearings were held for the misconduct tickets, plaintiff was found guilty of both major misconduct violations. "A finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim." *Lewis v. Turner*, 16 Fed Appx 302, 304 (6th Cir. 2001) citing *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994). It is clear that defendant was justified in giving plaintiff the misconduct tickets. In the opinion of the undersigned, Plaintiff cannot show that defendant retaliated against plaintiff.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to defendants' Motion for Summary Judgment. Accordingly, it is recommended that defendants' Motion for Summary Judgment (Docket #12) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 16, 2006